# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-933V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JOYCE WINTERFELD,

               Petitioner,

        v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

             Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Special Master Corcoran

Filed: March 9, 2018

Decision; Final Fees and Costs.

*Paul R. Brazil,* Muller Brazil, LLP, LLC, Dresher, PA, for Petitioner.

*Debra A. Filteau Begley,* U.S. Dep't of Justice, Washington, DC, for Respondent.


## DECISION GRANTING A FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 26, 2015, Joyce Winterfeld filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that she suffered from brachial neuritis and/or a shoulder injury as a result of receiving the influenza vaccine on October 16, 2014. The parties ultimately agreed that the issues before them could be informally resolved and submitted a stipulation for damages on December 7, 2017, which I adopted by decision that same day (ECF No. 38).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion requesting final attorney's fees and costs, dated February 15, 2018. *See* Motion for Attorney's Fees, dated Feb. 15, 2018 (ECF No. 43) ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $28,025.94 (representing $19,987.00 in attorney's fees, plus $8,038.94 in costs). *Id.* at 2. In accordance with General Order No. 9, Petitioner indicated that she has not incurred any costs related to the matter. *Id.* at 2.[3] Respondent filed a document reacting to the fees request on February 27, 2018, stating that she is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 44 at 2-3.

Determining the appropriate amount of an award of reasonable attorney's fees is a two-part process. The first part involves application of the lodestar method – "multiplying the number of hours reasonably expended[4] on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Avera,* 515 F.3d at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429-37 (1983).

Petitioner asks that counsel, Mr. Paul Brazil, his associates, and paralegals be reimbursed at varying rates for work performed from 2015-2018. Petitioner requests $245 per hour for Mr. Brazil's work in 2015, with increases to $255 per hour in 2016, $275 per hour in 2017, and $300 per hour in 2018. *See* Fees App. at 1. Petitioner also requests that associates (Ms. Amy Senerth

---

[3] Although Petitioner stated in her fees application that she did not incur any personal costs associated with this matter pursuant to General Order No. 9, she did not file the physical form required. I nevertheless deem Petitioner to have waived any additional costs not otherwise requested herein.

[4] An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011). That rate is in turn determined by the "forum rule," which bases the award rate on rates paid to similarly qualified attorneys in the forum where the relevant court sits (Washington, D.C., for Vaccine Program cases). *Avera*, 515 F.3d at 1348. After the hourly rate is determined, the reasonableness of the total hours expended must be considered. *Sabella*, 86 Fed. Cl. at 205-06. This reasonableness inquiry involves consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

In some cases, determining the proper hourly rate for a particular attorney requires consideration of whether there is a significant disparity between the forum rate applicable to the Vaccine Program generally and the geographic forum in which the attorney practices, in order to adjust the rate used for the lodestar calculation. *Avera*, 515 F.3d at 1349, (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

and Mr. Clark Hodgson) both be compensated at a rate of $225 per hour for work completed in 2017. *Id.* Finally, she also requests $125 per hour for the work of four paralegals completed in 2015-2018. *Id.*

In my past decisions, I have determined that Muller Brazil, LLP is entitled to forum rates. *See, e.g.*, *Colagreco v. Sec'y of Health & Human Servs.*, No. 14-465V, 2016 WL 6518579 (Fed. Cl. Spec. Mstr. Sept. 26, 2016). This determination is also consistent with decisions issued by other special masters. *See, e.g.*, *Tyree v. Sec'y of Health & Human Servs.*, No. 16-586V, 2017 WL 4707720 (Fed. Cl. Spec. Mstr. Mar. 23, 2017); *Griffis v. Sec'y of Health & Human Servs.*, No. 15-483V, 2017 WL 694538 (Fed. Cl. Spec. Mstr. Jan. 25, 2017). The hourly rates awarded to Mr. Brazil, his associates, and his paralegal in the above decisions are the same as those requested herein, and I will likewise award them. Furthermore, Mr. Brazil's requested increase to $300 per hour for work completed in 2018 is reasonable and consistent with the form rate chart set forth on the Court of Federal Claims's website,[5] and will be awarded.

Petitioner also requests that counsel be reimbursed for $8,038.94 in costs (representing the filing fee, medical records requests, postage costs, and an expert consult with Dr. Lawrence Steinman). Fees App. at 16.  According to the fees application, Petitioner requests that Dr. Steinman be compensated at a rate of $500 per hour for 14.5 hours of work (representing a total of $7,250.00 for expert services rendered). *Id.* at 27. I have awarded Dr. Steinman a rate of $500 per hour in my past decisions. *See Chynoweth v. Sec'y of Health & Human Servs.*, No. 13-721V, 2017 WL 6892900, at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2017); *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2017 WL 1718783, at *4 (Fed. Cl. Spec. Mstr. Apr. 5, 2017). The requested rate of $500 per hour has also been awarded by other special masters. *See Rosof v. Sec'y of Health & Human Servs.*, No. 14–766V, 2017 WL 1649802, at *4 (Fed. Cl. Spec. Mstr. Mar. 31, 2017); *Brown v. Sec'y of Health & Human Servs.*, No. 09–426V, 2012 WL 952268, at *10–11 (Fed. Cl. Spec. Mstr. Feb. 29, 2012). I will therefore compensate Dr. Steinman in full for his work on this matter.

Upon my review of the billing record, the hours expended on this matter by counsel appear to be reasonable, and Respondent did not identify any entries as objectionable. Thus, I will reimburse counsel and his associates in full for their work on this matter. Furthermore, the requested litigation costs are reasonable and will be awarded in full.

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fees awards, and based on the foregoing, I **GRANT** Petitioner's Motion for Final

---

[5] *See* Office of Special Masters Attorneys' Hourly Rate Fee Schedule: 2018, https://www.uscfc.uscourts.gov/node/2914 (last accessed on Mar. 9, 2018).

Attorney's Fees and Costs, and award a total of **$28,025.94**, in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Paul Brazil, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.